**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| VICTORIA DUKES, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. __4:23-cv-537__ |
| | ) | |
| v. | ) | |
| | ) | **Removed from the 296th Judicial** |
| ABBOTT LABORATORIES, INC. | ) | **District Court of Collin County, TX** |
| | ) | **Cause No. 296-02419-2023** |
| Defendant. | ) | |
| | ) | |

**DEFENDANT ABBOTT LABORATORIES, INC.'S**
**NOTICE OF REMOVAL**

Defendant Abbott Laboratories, Inc. (hereinafter "Abbott") hereby removes this civil action pursuant to 28 U.S.C. §§ 1331, 1332(a), 1441, and 1446. The specific grounds for removal are set forth below.

## I. INTRODUCTION

1.      Plaintiff Victoria Dukes ("Plaintiff" or "Dukes") filed a civil action against Abbott[1] on May 11, 2023. *See* Certified Docket Sheet, Ex. B. In her Original Petition (the "Petition"), Plaintiff brings Texas state law claims for discrimination, hostile work environment, and retaliation in violation of the Texas Labor Code §§ 21.001, assault and battery, intentional infliction of emotional distress, and negligent supervision, retention, and monitoring of employees. *See* Petition, ¶¶8.01-15.03, Ex. C. The lawsuit is recorded on the docket of the 296th Judicial District, In the District Court of Collin County, Texas, "Cause No. 296-02419-2023" ("the State Action"). The 296th Judicial District is located at the Collin County Courthouse, 2100

---

[1]   Plaintiff was employed by St. Jude Medical Business Services, Inc. ("St. Jude"), not Abbott. *See* Declaration of Erica Grego, ¶3, Ex. A. Abbott consents to the substitution of St. Jude as the proper Defendant in this matter in lieu of Abbott.

Bloomdale Rd., McKinney, TX 75071. There are no pending motions or orders issued in the State Action.

2.        Plaintiff served the Petition and a summons on Abbott's registered agent, CT Corporation System, on May 16, 2023. *See* Ex. D.

3.        Abbott files this Notice of Removal within 30 days of its receipt of the Petition and summons. Therefore, this removal is timely. *See* 28 U.S.C. § 1446(b).

4.        Pursuant to Local Rule CV-81 for Removed Actions, Abbott provides the following information identifying Counsel of Record:

| COUNSEL FOR PLAINTIFF | COUNSEL FOR DEFENDANT |
|---|---|
| **THE MCLEAREN LAW FIRM, PLLC**<br>Garrett J. McLearen<br>Texas Bar No. 24090258<br>10228 E. Northwest Hwy #1140<br>Dallas, Texas 75238<br>Telephone: (945) 236-9223 | **SEYFARTH SHAW, LLP**<br>Esteban Shardonofsky<br>Texas Bar No. 24051323<br>Stephanie Johnson Manning<br>Texas Bar No. 24099422<br>700 Milam Street, Suite 1400<br>Houston, Texas 77002<br>Telephone: (713) 225-2300 |

## II.  BASIS FOR REMOVAL—DIVERSITY JURISDICTION

5.        This Court has original jurisdiction in this case pursuant to 28 U.S.C. § 1332(a), based upon diversity of citizenship between Plaintiff and Abbott. Removal is appropriate pursuant to 28 U.S.C. § 1441 in that it is a civil action between diverse parties. The Court may exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.  Complete diversity between the properly joined and served parties because (1) Plaintiff is, and was at all relevant times, a citizen of the State of Texas; and (2) Abbott (and St. Jude) are not, and at all relevant times have not been, citizens of Texas.

6.      Plaintiff is currently a citizen of the State of Texas and was at the time she filed her Original Petition. *See* Petition, ¶ 2.01, Ex. C.

7.      The incorrectly named party Abbott Laboratories, Inc. is incorporated in the State of Delaware and has its principal place of business in the State of Illinois. *See* Declaration of Jessica Paik, ¶4, Ex. E. Thus, for removal purposes under 28 U.S.C. § 1332(c), Abbott Laboratories, Inc. is deemed to be a citizen of Delaware and Illinois.

8.      The proper (but unnamed) party St. Jude Medical Business Services, Inc. is incorporated in the State of Delaware and has its principal place of business in the State of Minnesota. *See* Declaration of Jessica Paik, ¶5, Ex. E. Thus, for removal purposes under 28 U.S.C. § 1332(c), St. Jude Medical Business Services, Inc. is deemed to be a citizen of Delaware and Minnesota.

9.      Accordingly, this action is one in which none of the parties in interest properly joined and served as a defendant is a citizen of the state in which the action was brought, and complete diversity exists. 28 U.S.C. § 1332(a)(1); 28 U.S.C. § 1441(b).

10.     Moreover, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. In Paragraph 3.02 of the Petition, Plaintiff specifically states that she seeks monetary relief above $250,000 but less than $1,000,000. *See* Petition, ¶ 3.02, Ex. C.

11.     Thus, complete diversity of citizenship exists between Plaintiff and Abbott (and St. Jude), and the amount in controversy requirement is satisfied. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and this action may be removed by Abbott pursuant to 28 U.S.C. § 1441.

### III.  VENUE, NOTICE, AND REQUEST FOR ARGUMENT

12.     Venue is proper in this District under 28 U.S.C. § 1441(a) because, under 28 U.S.C. § 124(b)(2), this District and Division embrace Collin County, Texas, the place where the removed action has been pending.

13.     Abbott will promptly file a Notice of Filing Notice of Removal with the 296th Judicial District Court in Collin County, Texas, and will serve a copy on Plaintiff's counsel, pursuant to 28 U.S.C. § 1446(d).

14.     Should Plaintiff seek to remand this case to state court, Abbott respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Abbott asks that the Court retain jurisdiction and, if the Court deems it appropriate, certify any remand order for interlocutory review by the Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

### IV.  JURY TRIAL

15.     Plaintiff 's Petition demanded a jury trial in the State Action. *See* Petition, § 18.01, Ex. C.

### V.  CONCLUSION

16.     This action involves citizens of different states and an amount in controversy that exceeds $75,000. Thus, this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1332(a). Accordingly, Abbott prays that the State Action be removed to this Court.

Respectfully submitted,

**SEYFARTH SHAW LLP**

By: */s/ Stephanie Johnson Manning*
    Esteban Shardonofsky
    Texas Bar No. 24051323
    Stephanie Johnson Manning
    Texas Bar No. 24099422
    700 Milam Street, Suite 1400
    Houston, Texas 77002
    Telephone: (713) 225-2300
    Facsimile: (713) 225-2340
    sshardonofsky@seyfarth.com
    smanning@seyfarth.com

**ATTORNEYS FOR DEFENDANT**
**ABBOTT LABORATORIES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of June, 2023, I filed the foregoing with the Clerk of the Court using the ECF filing system, which will send notification of such filing to the following:

Garrett J. McLearen
10228 E. Northwest Hwy #1140
Dallas, Texas 75238
Garrett@McLearenlaw.com

*/s/ Stephanie Johnson Manning*
Stephanie Johnson Manning

## CERTIFICATION OF NOTIFICATION TO DISTRICT COURT

I further certify that I caused a copy of this Notice of Removal to be filed with the clerk of the 296th Judicial District Court of Dallas County, Texas in accordance with 28 U.S.C. § 1446(d).

*/s/ Stephanie Johnson Manning*
Stephanie Johnson Manning

6