Filed: 5/11/2023 5:19 PM
Michael Gould
District Clerk
Collin County, Texas
By Amy Mathis Deputy
Envelope ID: 75565778

296-02419-2023

Cause No:_____

| | | |
|---|---|---|
| VICTORIA DUKES, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | OF COLLIN COUNTY, TEXAS |
| v. | § § § | |
| ABBOTT LABORATORIES, INC. | § § § | ____TH JUDICIAL DISTRICT |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE DISTRICT JUDGE:

COMES NOW VICTORIA DUKES (hereafter "Plaintiff"), complaining of Abbott Laboratories, Inc. ("Defendant"), herein, and for cause of action would respectfully show the Court as follows:

### I.

### DISCOVERY CONTROL PLAN

1.01 Plaintiff intends to conduct discovery in this case under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

### II.

### PARTIES

2.01. The Plaintiff in this action is an individual citizen and resident of Dallas County, Texas.

2.02. Defendant, Abbott Laboratories, Inc., is an Illinois corporation with its principal place of business in North Chicago, IL. Defendant may be served by certified mail, return receipt requested, through its registered agent:

PLAINTIFF'S ORIGINAL PETITION                                                                 PAGE 1

CT CORPORATION SYSTEM

1999 BRYAN ST., STE. 900

DALLAS, TX 75201

### III.

### VENUE AND JURISDICTION

3.01 Subject matter jurisdiction is properly vested in this Court.

3.02 Jurisdiction is proper in this Court as the damages sought by Plaintiff are within the jurisdictional limits of this Court. Pursuant to Texas Rules of Civil Procedure, Rule 47, Plaintiff seeks monetary relief above $250,000 but less than $1,000,0000 and is within the jurisdictional limits of this Court.

3.03 Subject matter jurisdiction is properly vested in this Court because the matter in controversy exceeds the Court's minimum jurisdictional limits. This Court also has personal jurisdiction, both general and specific, over Defendant because they have availed themselves to the jurisdiction of the State of Texas by conducting business in the State of Texas.

3.04 Venue is proper in Collin County, Texas, pursuant to § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Collin County, Texas.

### IV.

### AGENCY/ RESPONDEAT SUPERIOR

4.01 At all times material hereto, all of the agents, servants, and/or employees for Defendants, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the

duties of their office or employment. Therefore, Defendant is further liable for the negligent acts and omissions of their employees under the doctrine of Respondeat Superior.

4.02. Unless otherwise stated herein, whenever it is alleged in this pleading that Defendant's employees committed an act, made a representation or a statement, failed to perform an act, or failed to make a statement, it means that Defendant was acting or failing to act through its authorized agents, servants or employees acting with either express, implied, apparent and/or ostensible authority; or that Defendant subsequently ratified and benefitted from these acts, failures to act, representations, statements or conduct.

## V.

## CONDITIONS PRECEDENT

5.01. All conditions precedent to recovery by the Plaintiffs herein have been performed, have occurred, or have been excused.

## VI.

## INTRODUCTION

6.01. This action seeks equitable relief, compensatory and punitive damages, attorney's fees, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest for discrimination and retaliation under Texas law, for violation of the Texas Commission on Human Rights Act, suffered by Plaintiff in the course of her employment with the Defendant.

6.02. Plaintiff complains that she was subject to discrimination regarding the terms and conditions of her employment based on her previously diagnosed medical condition and also subjected to retaliation for complaining about numerous workplace incidents and opposing the discrimination. The discriminatory and retaliatory actions included unprofessional conduct,

disparate treatment, and eventual termination of Plaintiff's employment.

6.03. Plaintiff filed a Charge of Discrimination and retaliation with the Texas Workforce Commission, Civil Rights Division, and with the U.S. Equal Employment Opportunity Commission ("EEOC") on claims relating to discrimination and retaliation.

6.04. Plaintiff has requested and received a right to sue letter for her discrimination and retaliation claims. Accordingly, all administrative prerequisites for the filing of this lawsuit have occurred.

6.05. Plaintiff demands a jury on all issues triable to a jury.

## VII.

## PROCEDURAL REQUESTS

7.01. Plaintiff filed Charges of Discrimination with the Texas Workforce Commission - Civil Rights Division ("TWC") and the EEOC on or about May 26, 2022. The TWC investigated her claims.

7.02. The investigation on Plaintiff's Charge, after pending for more than 180 days, was closed and a right to sue letter was issued on or about March 17, 2023, and received on or about the same day.

7.03. This lawsuit has been timely filed.

7.04. All other conditions precedent to filing these causes of action currently herein have been met.

## VIII.

## FACTS OF CASE

8.01. On or about January 4, 2021, Plaintiff started working for the Defendant as a Market Specialist Patient Therapy Access Senior Appeals Specialist. During Plaintiff's 60-day review she

received praise from her supervisors for her quality of work and her performance at which point, she was assigned to work with a specialty team within the company.

8.02 On or about October 26, 2021, as Plaintiff was still in the process of training for the Defendant and Defendant's employee, Wendy Martin ("Ms. Martin") who was assisting in the training the Plaintiff and who was also a supervisor for the Defendant, inappropriately touched the Plaintiff's inner thigh and attempted to touch the Plaintiff's private region. Ms. Martin acted without the consent of Plaintiff.

8.03 On or about November 3, 2021, and again on November 4, 2021, Defendant's employee, Erika Rubalcava ("Ms. Rubalcava") also inappropriately touched the Plaintiff, without her consent, on her thighs, neck, and Ms. Rubalcava attempted to kiss the Plaintiff as the Plaintiff pulled away.

8.04. Following the above mentioned interaction, on or about November 9, 2021, Plaintiff had a disturbing interaction with Ms. Rubalcava. Plaintiff was in a training session with Ms. Rubalcava when Ms. Rubalcava began screaming and threatening Plaintiff for not completing a certain task regarding a Blue Cross Blue Shield case even though Ms. Rubalcava never authorized the Plaintiff to work on any other cases but United Health Care cases. Plaintiff immediately contacted her supervisor to report her interaction with Ms. Rubalcava but her complaint fell on deaf ears within the Defendant's company.

8.05. Even though a hostile work environment began to form, Plaintiff continued to work for Defendant because her supervisors continued to express that Plaintiff possessed the necessary tools to thrive within Defendant's company. Unfortunately, Plaintiff started experiencing more harsh treatment.

8.06. On or about February 1, 2022, Plaintiff experienced her supervisor, Ms. Holly Johnson ("Ms. Johnson") referring to her as a "black face" and further humiliated the Plaintiff by disclosing Plaintiff's medically diagnosed disability to another one of Plaintiff's colleagues during a company conference video call. Plaintiff immediately reported these comments to her

direct supervisor, Courtney Cadieux ("Ms. Cadieux"), who immediately defended the actions of Ms. Johnson and refused to believe Plaintiff's accounting of the events.

8.07. Due to the lack of trust in Ms. Cadieux taking the necessary and appropriate actions within the company, Plaintiff reported these events to the Abbott Office of Ethics and Compliance ("OEC") on February 4, 2022, via an online submission. On the same day, Plaintiff met with Abbott Human Resource Manager, Deborah Boskovic ("Ms. Boskovic"), regarding Plaintiff's recent complaints about her treatment by other Abbott Employees and her supervisor's inability to take action. It was also at this time that Plaintiff requested a medical accommodation for her chronic rhinitis, to assist her in managing her disability.

8.08. Plaintiff requested the ability to work from home because when she went into Defendant's office, she would experience numerous symptoms such as respiratory illness, inflammation in her lungs, and watery/burning eyes due to the air quality.

8.09. Following Plaintiff's report to the Office of Ethics and Compliance, on or about February 17, 2022, Plaintiff received an extremely harsh email from another one of her supervisors, Ms. Chelsey Krutch ("Ms. Krutch") questioning her quality of work, which had not been an issue to date. Further, Ms. Cadieux also continued to criticize Plaintiff's work despite having approved of Plaintiff's work and methods for several months prior.

8.10. On or about February 24th and 25th, 2022, Plaintiff again reached out to Defendant's Employee Relations department and spoke to Ken Mullen ("Mr. Mullen") about her concerns. Mr. Mullen's only response was to encourage Plaintiff to keep making reports to Employee Relations regarding the continued hostile treatment and discrimination Plaintiff faced on a day to day basis.

8.11. On February 28, 2022, Plaintiff was informed that her accommodation request was denied. Ms. Boskovic notified Plaintiff that she would be required to continue working in the Defendant's office if she wanted to stay employed with the company. The next day, Plaintiff arrived at Defendant's office and she started experiencing breathing issues due to allergens, sprays, and perfumes in the office. She notified Ms. Kerri Coduti ("Coduti") who directed her to report the issue to Human Resources and the Occupational Health department, which she did.

8.12. Two days later, Plaintiff received an extremely negative performance review. Ms. Cadieux and Ms. Coduti alleged that Plaintiff was progressing slowly, her work was not accurate and detailed, and she was not working enough cases. Based on these allegations, Ms. Cadieux and Ms. Coduti reduced Plaintiff's yearly raise from 5% to 1%. The assertions made by Ms. Cadieux and Ms. Coduti directly contradicted the many work performance compliments and praise that Plaintiff had received prior to her filing reports to Defendant's Employee Relations division.

8.13. On or about March 4, 2022, Plaintiff emailed Diana Franklin ("Ms. Franklin") the Defendant's Director of Employee Relations, Heather del Cielo ("Ms. Cielo") of Employee Relations, and Christopher Gallivan (Mr. Gallivan") the Vice President of the Employee Relations division for the Defendant and stated that the work performance allegations being made against her were false and she called for a formal investigation to be conducted regarding her work place treatment.

8.14. On or about, March 7, 2022, Plaintiff was notified that she was being placed on leave. After a week of leave, Plaintiff did not hear back from anyone working for the Defendant regarding the Plaintiff coming back to work. On or about March 23, 2022, Plaintiff reached out to Ms. Franklin to inquire about the investigation and her possible work accommodations and

Ms. Franklin never returned her call. Instead, Ms. Coduti called Plaintiff and notified her that she was being terminated. Very soon after being terminated, the Plaintiff's physical and mental well being quickly deteriorated.

## IX.

## SUMMARY OF CLAIMS

9.01. Defendant has engaged in unlawful employment practices in violation of the Texas Commission on Human Rights Act ("TCHRA"), Chapter 21, of Tex. Labor Code §§ 21.001 et seq., including but not limited to, § 21.110, § 21.101, § 21.051, § 21.055 and § 21.056 of the Texas Labor Code. These practices include, but are not limited to the matters listed in this Petition.

A. No reasonable action was taken to correct the prevalent problem.

B. Plaintiff is a qualified individual and at all times was capable of performing her job duties.

C. Defendant's actions as set forth above were discriminatory and were in violation of the Texas Commission on Human Rights Act.

D. Defendant's actions as set forth above were retaliatory and were in violation of the Texas Commission on Human Rights Act.

E. Defendant's actions as set forth above subjected Plaintiff to different terms and conditions of employment based on Plaintiff's medically recognized and diagnosed medical condition.

F. Defendant's acts and/or omissions continue and include disparate treatment and unequal pay and treatment.

G. Plaintiff suffered violations of the Texas Commission on Human Rights Act while employed by Defendant.

H. Defendant committed the tort of assault and battery upon Plaintiff by intentionally, knowingly and/or recklessly causing her bodily harm. Plaintiff specifically asserts the doctrine of transferred intent.

I. Defendant's actions as set forth above were intentional in nature and caused severe emotional distress to the Plaintiff.

J. Defendant's actions as set forth above highlight the negligent supervision, retention, and monitoring of Defendant's employees.

X.

**DISCRIMINATION ON THE BASIS OF DISABILITY**

10.01. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

10.02. Plaintiff was previously diagnosed with chronic rhinitis, which makes her extremely sensitive to aerosols and perfumes.

10.03. By the above-described acts, Defendant discriminated against Plaintiff because of her disability by refusing to allow for alternative, reasonable accommodations to allow Plaintiff to work from home on the days in which the aerosols and perfumes in the work environment caused her difficulty breathing and/or other symptoms she experienced, even though similar or same accommodations were granted to other of the Defendant's employees. This is a direct violation of Chapter 21, including but not limited to, § 21.105 of the Texas Labor Code.

10.04. Defendant acted with malice or, in the alternative, with reckless indifference to the rights of Plaintiff under the TCHRA.

10.05. As a result of Defendant's discriminatory actions, Plaintiff has suffered loss of wages and benefits, both in the past and in the future, as well as emotional pain, mental anguish, damage to reputation, inconvenience, loss of enjoyment of life in the past, and in all probability will continue to suffer in the future and seeks all remedies included in, but not limited to, Texas Labor Code §§ 21.258, 21.2585, 21.259 or any other relief allowed under Texas law.

## XI.

## RETALIATION

11.01. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

11.02. After Plaintiff complained to Defendant about the discriminatory conduct and harassment she experienced in the work place, Defendant engaged in activities, in retaliation for Plaintiffs complaints, as outlined above in violation of the Texas Labor Code, including but not limited to § 21.055 of the Texas Labor Code.

11.03. As a result of Defendant's retaliatory actions, Plaintiff has suffered loss of wages, both in the past and in the future, as well as emotional pain, mental anguish, damage to reputation, inconvenience, loss of enjoyment of life in the past, and in the probability will continue to suffer in the future.

## XII.

## HOSTILE WORK ENVIRONMENT

12.01. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

12.02. Defendant allowed, failed to take any and/or appropriate action, failed to take remedial action, failed to discipline its employees, and/or failed to take any and/or appropriate

corrective action, thereby allowing and facilitating the continuance of the discrimination and harassment towards Plaintiff.

12.03. These conditions lead to a hostile work environment because of, but not limited to, the following conditions:

a. Sever and/or pervasive;

b. Outrageous Conduct;

c. Demeaning Conduct;

d. Failure to take prompt remedial action;

e. Affected terms and conditions of Plaintiff's employment; and

f. Did not provide sufficient recourse.

12.04. Further, Defendant acted with malice or, in the alternative, with reckless indifference to the protected rights of the Plaintiff.

12.05. As a result of Defendant's actions or inaction in violation of the TCHRA, Plaintiff has suffered loss of wages and benefits, both in the past and in the future, as well as emotional pain, mental anguish, damage to reputation, inconvenience, and loss of enjoyment of life in the past, all of which were caused by Defendant's actions and treatment of Plaintiff and, in all probability, Plaintiff will continue to suffer such damages in the future.

## XIII.

## ASSAULT AND BATTERY

13.01. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

13.02 An assault or battery is committed when a person does one of the following:

1. intentionally, knowingly, or recklessly causes bodily injury to another;

> 2. intentionally or knowingly threatens another with imminent bodily injury; or
>
> 3. intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

13.03   The unwarranted and non-consensual touching by Defendant's employees to Plaintiff on or about October 26, November 3rd & 4th of 2021, were intentionally done to the Plaintiff when the Defendant's employees knew or should reasonably have believed that the Plaintiff would regard the contact as offensive or provocative.

13.04.   The actions by Defendant's employees, as described in the preceding paragraphs, were committed by officers, agents, high managerial agents, employees, representatives and/or vice-principals of Defendant, on behalf of and for the benefit of Defendant and within the scope of their office or employment with Defendant. Further, the acts, described in the preceding paragraphs and incorporated herein by reference: (a) were authorized, requested, commanded, performed and/or recklessly tolerated by Defendant and/or their high managerial agent(s); and/or (b) were ratified and/or approved by Defendant; and/or (c) were committed by officers, agents, high managerial agents, employees, representatives and/or vice-principals of Defendant who were unfit and Defendant acted with malice in employing or retaining such individuals.

13.05.   As a result of Defendant's acts described in the preceding paragraphs and incorporated herein by reference, Plaintiffs are entitled to and do hereby sue for punitive damages against each Defendant pursuant to Section 41.008(c) of the Texas Civil Practice and Remedies Code. These damages should be assessed and awarded to prevent these Defendants from committing the same type of intentional and knowing acts, and to warn and deter others not to engage in any similar conduct.

# XIV.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

14.01. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

14.02 The facts show that Defendant acted intentionally taking no action to address the Plaintiff's concerns regarding her working accommodations and her supervisors/ co-workers conduct and action complained of herein.

14.03 Alternatively, the facts show that Defendant acted recklessly acting/ not acting in a reasonable manner regarding the Plaintiff's treatment while employed by Defendant complained of herein.

14.04 The facts show that Defendant's conduct was extreme and outrageous.

14.05 The conduct of Defendant has caused Plaintiff to suffer extreme and severe emotional distress and mental anguish.

14.06 Plaintiff's severe emotional distress cannot be remedied by any other cause of action.

14.07 Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

14.08 Plaintiffs' injuries and damages resulted from Defendants' malice or otherwise entitle Plaintiffs, to exemplary damages under Texas Civil Practice & Remedies Code, § 41.003(a) and other provisions of Texas law.

# XV.

## NEGLIGENT SUPERVISION, RETENTION, AND MONITORING OF EMPLOYEES

15.01. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

15.02   Plaintiff sustained injuries as a result of the negligent supervision, retention, and monitoring of Defendant's employees/ company by the following:

a. Failing to properly monitor Defendant's employees and/or supervisors to make sure they were complying with applicable policies and procedures;

b. Failing to follow up on the numerous complaints made by Plaintiff to Defendant's human resource division to make sure that the reported employees were familiar with, understood, and followed the company policies and procedures regarding their workplace treatment of the Plaintiff;

c. Failure to supervise the above mentioned employees/supervisors to ensure that they were following the Defendant's policies and procedures regarding treatment of its employees in the workplace environment; and

d. Other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

15.03   Defendant owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendant's negligent and grossly negligent supervision, retention, and monitoring, Plaintiff's suffered severe injuries and Plaintiff is entitled to recover for those injuries.

## XVI.

## ATTORNEYS' FEES

16.01. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

16.02. Plaintiff is entitled to recover attorney's fees and costs for bringing this action pursuant to the Tex. Lab. Code § 21.259.

## XVII.

## DAMAGES

17.01. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

17.02. As a result of Defendant's violations of Texas anti-discrimination statutes and its conduct as described above, Plaintiff seeks the following relief: (1) back pay; (2) front pay; (3) loss of wages and benefits in the past and the future; (4) damage to reputation; (5) costs of court, expert fees and attorneys' fees; (5) mental anguish and emotional distress in the past and future (6) all punitive, equitable or liquidated damage provided by law, and (7) pre-judgment and post-judgment interest as allowed by each statute.

17.03. Additionally, since Defendant's actions were committed with reckless indifference to Plaintiff's state protected rights, Plaintiff is entitled under Texas law to recover punitive damages in an amount sufficient to deter Defendant and others similarly situated from this conduct in the future.

## XVIII.

## JURY DEMAND

18.01. Plaintiff requests a trial by jury on issues triable by a jury in this case and have tendered the jury fee with filing.

## XVIIII.

## PRAYER

19.01. WHEREFORE, Plaintiff Victoria Dukes, respectfully prays that upon final trial hereof, this Court grant her: appropriate back pay and front pay, including, but not limited to, her salary, lost insurance and other benefits past and future; compensatory and punitive damages as allowed by law; mental anguish damages; reasonable attorneys' fees for all causes of action both for the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred in the preparation and prosecution of this action; prejudgment and post-judgment interest as allowed by law; taxable court costs; damages of loss of reputation; any appropriate nominal, actual and exemplary damages as allowed by Texas law; and any such additional and further relief, general or special, legal or equitable, under case law or statutes, that this Court may deem just and proper.

Respectfully submitted,

THE MCLEAREN LAW FIRM, PLLC

*/s/ Garrett J. McLearen*

_____
GARRETT J. MCLEAREN
State Bar No. 24090258
10228 E. Northwest Hwy #1140
Dallas, Texas 75238
Phone: 945-236-9223
Garrett@McLearenlaw.com

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Garrett McLearen on behalf of Garrett McLearen
Bar No. 24090258
Garrett@mclearenlaw.com
Envelope ID: 75565778
Filing Code Description: Plaintiff's Original Petition (OCA)
Filing Description: Plaintiff's Original Petition
Status as of 5/15/2023 8:37 AM CST

Associated Case Party: Victoria Dukes

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Garrett McLearen | | Garrett@mclearenlaw.com | 5/11/2023 5:19:36 PM | SENT |